**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT ALVAREZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL A. ASTRUE, ) <br> Commissioner of Social Security ) <br> ) <br> Defendant. ) <br> ) | No. EDCV 09-1169 AGR <br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff Robert Alvarez ("Alvarez") filed a Complaint on June 24, 2009. Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on July 16 and 17, 2009. (Dkt. Nos. 7, 9.) The parties filed a Joint Stipulation ("JS") on January 26, 2010, that addressed the disputed issues. The commissioner filed the certified administrative record ("AR"). The Court has taken the Joint Stipulation under submission without oral argument.

Having reviewed the entire file, the Court affirms the decision of the Commissioner.

///

///

///

# I.

## **PROCEDURAL BACKGROUND**

In January 2007, Alvarez filed an application for supplemental security income benefits and disability insurance benefits. AR 9, 165-67, 170-73. Both applications alleged an onset date of May 1, 2005. AR 9. The applications were denied initially and on reconsideration. AR 69-72. Alvarez requested a hearing. AR 85. On September 12, 2008, an Administrative Law Judge ("ALJ") conducted a hearing at which Alvarez testified. AR 18-43. On October 28, 2008, the ALJ conducted an additional hearing at which Alvarez, a medical expert ("ME") and a vocational expert testified. AR 44-68. On January 15, 2009, the ALJ issued a decision denying benefits. AR 6-17. Alvarez requested review. AR 5. On April 17, 2009, the Appeals Council denied the request for review. AR 1-3. This lawsuit followed.

# II.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009); *Moncada*, 60 F.3d at 523; *see also Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523.

# III.

# **EVALUATION OF DISABILITY**

## A. Disability

A person qualifies as disabled and is eligible for benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. The ALJ's Findings

The ALJ found that Alvarez met the insured status requirements through September 30, 2008. AR 11. Alvarez has the following medically determinable severe impairments: "substance induced psychosis and mood disorder, personality disorder not otherwise specified, mixed substance abuse in reported remission for 12-15 months, attention deficit disorder." AR 12. Alvarez's impairments meet a listing. AR 13.

The ALJ found that if Alvarez stopped the substance abuse, he would continue to have severe impairments. AR 14. Alvarez would have the residual functional capacity ("RFC") "to perform a full range of work at all exertional levels but with the following nonexertional limitations: He can perform work involving moderately complex tasks, in a habituated setting, that is object-oriented. He can do a job that does not involve public contact requiring emotionally-charted interactions, or safety operations." AR 14-15. Alvarez would not be able to perform past relevant work. AR 15. However, "there would be a significant number of jobs in the national economy that the claimant could perform," such as kitchen helper or industrial cleaner. AR 16. The ALJ found that Alvarez's substance abuse disorders are contributing factors material to the determination of disability. AR 17.

///
///

### C. Treating Psychiatrist

"An individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). The purpose of the statute was "to discourage alcohol and drug abuse, or at least not to encourage it with a permanent government subsidy." *Ball v. Massanari*, 254 F.3d 817, 824 (9th Cir. 2001).

In *Parra v. Astrue*, 481 F.3d 742 (9th Cir. 2007), the Ninth Circuit described the implementing regulations as requiring the ALJ to "conduct a drug abuse and alcoholism analysis ('DAA Analysis') by determining which of the claimant's disabling limitations would remain if the claimant stopped using drugs or alcohol." *Parra*, 481 F.3d at 747 (citing 20 C.F.R. §§ 404.1535(b)). "If the remaining limitations would still be disabling, then the claimant's drug addiction or alcoholism is not a contributing factor material to his disability. If the remaining limitations would not be disabling, then the claimant's substance abuse is material and benefits must be denied." *Id.*

The ALJ found that Alvarez's impairments, including substance abuse disorders, met a listing. AR 13. However, the ALJ found that if Alvarez stopped the substance abuse, he would have the RFC to perform a full range of work at all exertional levels but with certain nonexertional limitations. AR 14-15.

Alvarez argues that the ALJ ignored Dr. Salanga's opinion, which "never opined that drugs or alcohol was the primary cause of Plaintiff's mental impairment." JS 4.

Dr. Salanga practiced at the San Bernardino County Department of Behavioral Health. *E.g.*, AR 430. She saw Alvarez for "monthly medication support services." AR 427. The medical records contain a referral form that notes a diagnosis of "mood disorder NOS (not otherwise specified); polysubstance dependence," and contains a

///
///
///

prognosis of "guarded, depends on his abstinence."[1] AR 443. Prior to arriving at that facility, the ALJ noted Alvarez's medical records indicated drugs and/or alcohol abuse on August 13-16, 2006, November 19, 2006, and March 22, 2007. AR 12, 364 (in March 2007, patient denied substance use but toxicology screen was positive for methamphetamines and marijuana; diagnosing polysubstance dependence), 280, 284, 286 (diagnosis in November 2006 includes alcohol, cannabis and methamphetamine abuse; patient reported using pot and alcohol that day, meth yesterday, and regular use of all three substances), 267-68, 274 (in August 2006, diagnosing amphetamine dependence).

The Ninth Circuit has held that "the claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor material to his disability." *Parra*, 481 F.3d at 748. Alvarez's argument that Dr. Salanga does not mention drugs or alcohol is incorrect, as discussed below, but in any event would not be sufficient. In *Parra*, the claimant argued that inconclusive evidence was sufficient to satisfy a claimant's burden. The Ninth Circuit rejected that argument, which "effectively shifts the burden to the Commissioner to prove materiality."[2] *Id.* at 749. The Ninth Circuit concluded that "Parra bore the burden of proving that his alcoholism was not a contributing factor material to his cirrhosis-related disability." *Id.* at 750.

More significantly, the ALJ accepted the ME's testimony as credible and supported by substantial evidence. AR 13. "Based on his review, the medical expert, Dr. Malancharuvil, indicated that if the claimant were clean and sober there would be no

---

[1] In addition, the screening form indicates Alvarez reported alcohol as a substance problem. AR 439.

[2] "An alcoholic claimant who presents inconclusive evidence of materiality has no incentive to stop drinking, because abstinence may resolve his disabling limitations and cause his claim to be rejected or his benefits terminated. His claim would be guaranteed only as long as his substance abuse continues – a scheme that effectively subsidizes substance abuse in contravention of the statute's purpose." *Parra*, 481 F.3d at 750.

reason he could not function within the limits of the residual functional capacity set forth above." AR 15.  The ME's opinion expressly relied on Dr. Salanga's medical records to conclude that Alvarez's condition greatly improved.  AR 60.  The ME expressly stated that the early notes in May 2007 indicated that Alvarez had been drinking yesterday. AR 61, 439; *see also* AR 436 (noting alcohol on Alvarez's breach in June 2007).  By contrast, the later notes, particularly during the period February–August 2008, indicated that Alvarez was "able to maintain himself without any significant symptoms."  AR 61, 428, 448-54.

Alvarez does not identify any error in the ALJ's analysis or the ME's testimony on which the ALJ relied.  Alvarez relies solely on a mental status examination on August 2, 2007, in which a physician reviewed Alvarez's chart including his hospital records at Riverside and concluded "he's not a reliable historian."  AR 431.  The physician noted alcohol use.  *Id.*  Alvarez's reliance on a mental status examination while he is drinking is misplaced.  The issue is which of the disabling limitations would remain if he stopped using drugs or alcohol.  *See Parra*, 481 F.3d at 747.  Even assuming it would have been better for the ALJ to expressly state the ME's reasoning rather than simply incorporate the ME's opinion, any error is harmless.  *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion.").

### D. Lay Witness Testimony

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work."  *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006).  "When an ALJ discounts the testimony of lay witnesses, 'he [or she] must give reasons that are germane to each witness.'"  *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (citation omitted).

The ALJ did not mention a Function Report Adult – Third Party form completed by Alvarez's wife on February 1, 2007.  JS 8; AR 211-18.  The Commissioner argues that any error is harmless.

"[W]here the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1056.

As the ALJ noted, Alvarez's medical records indicate regular drug and/or alcohol use in August 13-16, 2006, November 19, 2006, and March 22, 2007.  AR 12, 268 ("patient indicated that he generally gets this way when he abuses drugs"), 286 (admits daily use of alcohol, daily use of marijuana, use of methamphetamines once a week and last used two days earlier), 364.  On March 22, 2007, approximately one month and a half after Alvarez's wife filled out the form, Alvarez's toxicology screen was positive for methamphetamines and marijuana.  AR 12, 364.

The ALJ found that Alvarez met a listing when his substance abuse was considered.  AR 13.  Alvarez's wife completed her form on February 1, 2007, during the period of time Alvarez was abusing drugs and alcohol.  Again, the issue is which of the disabling limitations would remain if Alvarez stopped using drugs or alcohol.  *See Parra*, 481 F.3d at 747.  Even fully crediting her statements, no reasonable ALJ could have reached a different disability determination.

**E.   Side Effects**

Alvarez argues that the ALJ ignored reports of side effects on August 13-16, 2006 and on January 31, 2008.  JS 12-13.

The ALJ noted Alvarez's medications.  AR 13.  At the hearing, Alvarez testified that the medication "calms me down and, and takes the voices away and, and, you know, the depression away."  AR 26.  Alvarez argues that a January 31, 2008 record means that he was given medication for EPS (extrapyramidal side effects).  JS 13; AR 427.  However, Dr. Salanga subsequently noted that Alvarez experienced no side effects during the period February 28, 2008 through the last record on August 29, 2008.  AR 448 ("reports no side effects"), 450 ("no medication side effects. No EPS or TD"),

451 (same), 452 (same), 453 (same), 454 (same).  The ALJ did not err.  "There were passing mentions of the side effects of [plaintiff's] medication in some of the medical records, but there was no evidence of side effects severe enough to interfere with [his] ability to work."  *Osenbrock v. Apfel*, 240 F.3d 1157, 1164 (9th Cir. 2001); *see also Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir.1985) ("[Plaintiff] produced no clinical evidence showing that narcotics use impaired his ability to work").

### IV.
### CONCLUSION

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: August 3, 2010

ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE